UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                 Case No. 25-mc-51520
                                 Hon. SUSAN K. DECLERCQ

v.

JEANISIA ALLEN,

      Defendant.
_____/

TIMOTHY WYSE
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9144
Timothy.Wyse@usdoj.gov

JESSICA ASHLEY NATHAN
DOJ-USAO
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9500
Jessica.Nathan@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Claimants
   PRINCE DOBBINS, PRINCESS DOBBINS,
   and JOHN DOBBINS
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
Saschulman@comcast.net
_____/

1

**AMENDED VERIFIED PETITION OF CLAIMANTS
PRINCE DOBBINS, PRINCESS DOBBINS, AND JOHN DOBBINS
ASSERTING THIRD-PARTY INTEREST IN PROPERTY
SUBJECT TO FORFEITURE PURSUANT TO 21 U.S.C. § 853(n)**

NOW COME the Claimants, PRINCE DOBBINS, PRINCESS DOBBINS, and JOHN DOBBINS, by and through their attorney, SANFORD A. SCHULMAN, and pursuant to 21 U.S.C. § 853(n), hereby petition this Honorable Court to adjudicate the validity of their legal right, title, and interest in the real property described below, which is the subject of the Preliminary Order of Forfeiture entered in this matter. In support of this Petition, the Claimants state as follows:

## I.  THE PROPERTY SUBJECT TO FORFEITURE

1. The property that is the subject of this Petition is real property located at 28915 Carmel Drive, Southfield, Michigan 48076 (the "Property"), bearing Parcel ID No. 76-24-15-127-017, and legally described as:

   LOT 491, BEVERLY WOODS SUBDIVISION NO. 5, AS RECORDED IN LIBER 105 ON PAGES 26 AND 27 OF PLATS, OAKLAND COUNTY RECORDS.

## II.  NATURE AND EXTENT OF CLAIMANTS' INTEREST

2. Each Claimant holds a present, vested, undivided ownership interest in the Property as a tenant in common, together with the other two Claimants. The Claimants are the record title owners of the Property.

2

3.  Claimants' right, title, and interest in the Property is held in fee, and is reflected in the public records of the Oakland County Register of Deeds.

### III.  TIME AND CIRCUMSTANCES OF ACQUISITION

4.  Claimants acquired their interest in the Property by Quit Claim Deed dated September 1, 2019, executed by Jeanisia Allen as grantor, conveying the Property to PRINCESS DOBBINS, a single woman, PRINCE DOBBINS, a single man, and JOHN DOBBINS, a single man, as grantees.

5.  The Quit Claim Deed was recorded with the Oakland County Register of Deeds. A true and correct copy of the recorded Quit Claim Deed is attached as Exhibit A and incorporated herein by reference.

6.  Claimants' acquisition of title on September 1, 2019, predates the conduct alleged against the Defendant, Jeanisia Allen, that gives rise to the forfeiture sought by the Government in this matter. At the time of the acts giving rise to the forfeiture, the Claimants, and not the Defendant, held legal title to and a vested ownership interest in the Property.

3

## IV.  ADDITIONAL FACTS SUPPORTING THE CLAIM

7. Since September 1, 2019, the Claimants have held continuous record title to the Property as the lawful owners thereof.

8. The Defendant, Jeanisia Allen, holds no right, title, or interest in the Property. By the recorded Quit Claim Deed, she divested herself of any interest she may have held and conveyed the Property in its entirety to the Claimants in 2019.

9. The Claimants had no knowledge of, and no involvement in, the conduct alleged against the Defendant. The Claimants did not acquire their interest in the Property in order to avoid or defeat forfeiture, and had no reason to believe that the Property was subject to forfeiture at the time they acquired their interest.

## V.  LEGAL BASIS FOR THE CLAIM

Under 21 U.S.C. § 853(n)(6)(A), a third party who establishes by a preponderance of the evidence that its "right, title, or interest in the property . . . was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture" is entitled to amendment of the order of forfeiture.

4

Claimants are entitled to relief under § 853(n)(6)(A). The recorded Quit Claim Deed of September 1, 2019, vested legal title to the Property in the Claimants prior to the acts giving rise to the forfeiture. At all relevant times thereafter, the Claimants' interest was vested in them, and not in the Defendant, and was superior to any interest of the Defendant, who retained none.

In the alternative, Claimants are entitled to relief under 21 U.S.C. § 853(n)(6)(B), as bona fide purchasers for value of an interest in the Property who, at the time of acquisition, were reasonably without cause to believe that the Property was subject to forfeiture.

## **WHEREFORE**

WHEREFORE, Claimants PRINCE DOBBINS, PRINCESS DOBBINS, and JOHN DOBBINS respectfully request that this Honorable Court:

A. Set this matter for a hearing pursuant to 21 U.S.C. § 853(n)(4) to adjudicate the validity of the Claimants' interest in the Property;

B. Find that the Claimants hold a valid right, title, and interest in the Property superior to that of the Defendant and the Government under 21 U.S.C. § 853(n)(6);

5

C. Amend the Preliminary Order of Forfeiture to recognize and protect the Claimants' interest in the Property and to exclude the Property from forfeiture; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Claimants
  PRINCE DOBBINS, PRINCESS DOBBINS,
  and JOHN DOBBINS
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
Saschulman@comcast.net

Date: June 22, 2026

## VERIFICATION OF PRINCE DOBBINS

I, Prince Dobbins, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing statements made in this Petition concerning my right, title, and interest in the property are true and correct to the best of my knowledge.

PRINCE DOBBINS
Date:  June 22, 2026

## VERIFICATION OF PRINCESS DOBBINS

I, Princess Dobbins, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing statements made in this Petition concerning my right, title, and interest in the property are true and correct to the best of my knowledge.

PRINCESS DOBBINS
Date:  June 22, 2026

7

## VERIFICATION OF JOHN DOBBINS

I, John Dobbins, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing statements made in this Petition concerning my right, title, and interest in the property are true and correct to the best of my knowledge.

JOHN DOBBINS
Date: June 22, 2026

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing Amended Verified Petition of Claimants Prince Dobbins, Princess Dobbins, and John Dobbins Asserting Third-Party Interest in Property Subject to Forfeiture was served upon counsel for the United States by electronic filing via the Court's CM/ECF electronic filing system.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Claimants
    PRINCE DOBBINS, PRINCESS DOBBINS,
    and JOHN DOBBINS
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
Saschulman@comcast.net

Date:  June 22, 2026